UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| MICHAEL D. FAUCETT, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 1:13-cv-01434-TWP-TAB |
|  | ) | Case No. 1:11-cr-193-TWP-KPF-1 |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Michael D. Faucett ("Mr. Faucett") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue**.**

**I. Background**

Mr. Faucett, on two separate occasions, took pornographic photos of his five-year-old granddaughter. He also stored pornography depicting other children on his computer. On October 12, 2011, Mr. Faucett was charged in a three-count Indictment that was filed in the Southern District of Indiana. Counts 1 and 2 charged Mr. Faucett with production of child pornography, in violation of 18 U.S.C. § 2251(a). Count 3 charged Mr. Faucett with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

On November 4, 2011, Mr. Faucett made an initial appearance and was ordered detained. On November 30, 2011, a Petition to Enter a Plea of Guilty to Counts 1, 2, and 3 was filed by Mr. Faucett without the benefit of a plea agreement. On March 15, 2012, a change of plea hearing was

conducted. At that hearing, the Court advised Mr. Faucett of the rights and the penalties he faced if convicted and heard the factual basis for Mr. Faucett's plea. The Court accepted Mr. Faucett's plea of guilty and adjudged him guilty as charged to Counts 1, 2, and 3.

On that same date, the Court held a sentencing hearing. The Court sentenced Mr. Faucett to 360 months in prison to be followed by a lifetime of supervised release. Mr. Faucett was also assessed the mandatory assessment of $300. The judgment of conviction was entered on March 26, 2012. An amended judgment of conviction was entered on March 30, 2012, amending a clerical error to the sentence.

Mr. Faucett filed an appeal of his conviction or his sentence on March 27, 2012. On September 13, 2012, a mandate was filed from the Seventh Circuit Court of Appeals dismissing the appeal. See *United States v. Faucett*, No. 12-1727 (7th Cir. Aug. 22, 2012) (Slip Opinion at Crim. Dkt. 52).

On September 9, 2013, Mr. Faucett filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The United States responded and Mr. Faucett filed a reply.

## II. Effective Assistance of Counsel

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted).

Mr. Faucett claims that he is entitled to relief under § 2255 because his counsel, Attorney William E. Marsh, failed to provide him effective assistance as guaranteed by the Sixth

2

Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). *See also Stitts v. Wilson,* 713 F.3d 887, 891 (7th Cir. 2013) (petitioner has burden of demonstrating both deficient performance and prejudice). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

Mr. Faucett's claims that his counsel was deficient in discussing the decision to plead guilty and at sentencing. Both of these specifications of ineffective assistance of counsel is discussed below. He also suggests that this court lacked jurisdiction over his criminal case.

**A. Decision to Plead Guilty**

Mr. Faucett does not dispute that he is guilty of the crimes of which he was convicted, but he asserts that if his counsel had told him that an involuntary intoxication defense might be available to him he would not have pled guilty and would have insisted on a trial. Dkt. 1 at p. 4; Dkt. 2 at p. 2. Apparently, Mr. Faucett's theory is that his counsel failed to explain that Mr. Faucett's drug-induced state and/or mental defect could nullify his conviction. *See* dkt. 11 at p. 2-

3

3. This argument is based on the far-flung theory that despite the indisputable evidence that Mr. Faucett committed the acts in question, a jury would not have found Mr. Faucett guilty of the crimes charged.

But Counsel cannot be ineffective for failing to explain a course of action that had no chance of success. Mr. Faucett states in his affidavit that the report of his arrest, his medical files, and prescriptions, along with the fact that he withdrew from classes at Indiana University suggest that an involuntary intoxication defense might be available. He has not, however, presented any competent evidence to demonstrate that he was in fact intoxicated at the time of the offense. Nor has he presented any evidence proving his inability to form the necessary intent to commit the crime.

In addition, such evidence would not have been admissible. The District Court of Nebraska recently confronted this issue and persuasively explained why a defendant facing child pornography charges is precluded from offering psychiatric and psychological testimony regarding his mental state at trial. That district explained that child pornography offenses do not require proof of specific intent.

> It is sufficient that the defendant acted "knowingly," which term "merely requires proof of knowledge of the facts that constitute the offense." *United States v. Voice*, 622 F.3d 870, 876 (8th Cir. 2010) (*quoting Bryan v. United States*, 524 U.S. 184, 193 (1998)). *See United States v. Ballieu,* 480 Fed. Appx. 494, 497, 2012 WL 1655703, *2 (10th Cir. 2012) (the "knowing" reception or distribution of child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(2)(A), is a crime of general intent, as to which diminished capacity is not a defense); *United States v. Walden*, 478 Fed.Appx. 571, 576 n. 2, 2012 WL 1537915, *4 (11th Cir. 2012) (conviction for knowingly receiving and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(2), (a)(5)(B) required only the mens rea of general intent); *United States v. Larson*, 346 Fed.Appx. 166, 168, 2009 WL 2917778, *1 (9th Cir. 2009) (district court properly rejected diminished capacity defense because possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) is a crime requiring only general intent); *Simpson v. United States,* 2013 WL 1490462, *10 (E.D. Mo. 2013) (diminished capacity defense not available to defendant charged with receipt and possession of child pornography in

4

> violation of 18 U.S.C. § 2252A(a)(2), (a)(5)(b), which are general intent crimes). "The defense of diminished capacity only can be used as a defense to a specific intent crime," *id.* (*citing United States v. White Calf*, 634 F.3d 453, 457 (8th Cir.2011)), and "[p]sychological evidence is relevant to mens rea only when the defendant is charged with a specific intent crime," *United States v. Cameron*, 907 F.2d 1051, 1063 n. 20 (11th Cir.1990) (cited with approval in *United States v. Yockel*, 320 F.3d 818, 825 n. 4, 826 (8th Cir. 2003)).

*United States v. Benz*, 2015 WL 575094, 1 (D. Neb. 2015) (footnotes omitted); *see also Klopfenstine v. United States,* 2014 WL 4055791, 4 (W.D. Mo. 2014) (specifically finding that the crime of production of child pornography, 18 U.S.C. § 2251(a) and (e), is a general intent crime). Thus Mr. Faucett's proposed defense was not available and could have offered him no benefit. Under these circumstances, Mr. Faucett's counsel did not render deficient performance, and even if he did, no prejudice resulted therefrom.

**B. Sentencing**

Similarly deficient is Mr. Faucett's claim that his attorney failed to properly investigate the facts relating to his sentence and as a result he failed to raise Mr. Faucett's medication issues at sentencing. Dkt. 1 at p. 5. Mr. Faucett apparently suggests that had his diminished capacity been raised as a mitigating factor he would have received a lesser sentence from this Court. Dkt. 2 at p. 4; Dkt. 11 at p. 5. Again, there is no factual support or legal basis for this claim. Mr. Faucett has not presented any new evidence that his attorney could have presented that it would have resulted in this Court imposing a lesser sentence. *See United States v. Annoreno*, 713 F.3d 352 (7th Cir. 2013) (finding court did not error in using evidence of diminished capacity as an aggravating factor rather than a mitigating factor). Mr. Faucett was properly sentenced consistent with 18 U.S.C. § 3553(a). *Faucett*, Case No. 12-1727 (Crim. Dkt. 52) (finding that guideline range of life was correctly calculated and below-guidelines sentence was reasonable). In considering the proper

5

sentence to impose this Court considered Mr. Faucett's substance abuse, mental health issues, and medications. Nothing presented in the present motion for relief entitled Mr. Faucett to relief.

Mr. Faucett has demonstrated neither deficient performance nor any prejudice with respect to his counsel's representation. Mr. Faucett's claim of ineffective advocacy fails because the record demonstrates that a vigorous and competent defense was presented on his behalf, and Mr. Faucett's complaints with the effectiveness of his counsel's advocacy seem to amount to dissatisfaction with his sentence rather than with any specific error or omission by counsel. *See United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). No relief is warranted on this basis.

### C. Jurisdiction

Finally, Mr. Faucett argues that the Court lacked jurisdiction because his conduct did not satisfy the element of interstate commerce. Dkt. 1 at p. 6; Dkt. 11 at p. 13. This contention is defeated by factual basis stipulated to by the parties and presented in support of his plea agreement. The stipulation of facts recites that Mr. Faucett produced and possessed the pornographic images with materials not manufactured in Indiana. The Court did not lack jurisdiction over Mr. Faucett's criminal proceedings. To the extent Mr. Faucett alleges that his counsel was ineffective in this regard, such claim is meritless.

### III. Conclusion

Mr. Faucett's conviction and sentence are supported by overwhelming evidence of his guilt. For the reasons explained in this Entry, Mr. Faucett has failed to show that he is entitled to the relief he seeks and his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:11-cr-193-TWP-KPF.

## IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Faucett has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/1/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL D. FAUCETT
10218-028
PETERSBURG MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
PETERSBURG, VA 23804

All Electronically Registered Counsel